**Marie A. HOUSTON, Plaintiff-Appellant,**

v.

**NATIONAL GENERAL INSURANCE COMPANY, Defendant-Appellee.**

**No. 86–1960.**

United States Court of Appeals, Tenth Circuit.

April 28, 1987.

Rex D. Brooks, Oklahoma City, Okl., for plaintiff-appellant.

Jim T. Priest, McKinney, Stringer & Webster, P.C., Oklahoma City, Okl., for defendant-appellee.

Before MCKAY and SEYMOUR, Circuit Judges, and SAM, District Judge*.

---

* Honorable David Sam, District Judge, District of Utah, sitting by designation.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.8(c) and 27.1.-2. The cause is therefore ordered submitted without oral argument.

Plaintiff brought this action against defendant insurance company seeking coverage under an automobile insurance policy owned by defendant's insured, James A. Nelson. The district court granted defendant's motion for summary judgment and denied plaintiff's motion for a new trial. Plaintiff has appealed.

While a passenger in an automobile driven by Cynthia A. McAdams, plaintiff sustained injuries as a result of an accident occurring on November 12, 1984. Ms. McAdams had no automobile insurance at the time of the accident. After the insurer of the other vehicle denied her claim, plaintiff submitted a claim to defendant under an insurance policy owned by defendant's insured.

Prior to September, 1984, plaintiff lived with her mother. When her mother moved, plaintiff received permission from defendant's insured and his wife to stay with them until she found a job and a place to live. The insured and his wife are the parents of Darrell Nelson, the father of plaintiff's child. Plaintiff alleged that she and Darrell Nelson previously had a common-law marriage. At the time of the alleged common-law marriage, however, Darrell Nelson was legally married to Otilia Barrett. In September, 1984, plaintiff and her child moved into the insured's home. Plaintiff contends that during the time she lived with the insured, he supported her and her child.

Prior to the accident, plaintiff and another woman agreed to rent a duplex together. On the date of the accident, plaintiff gave the address of the duplex to the police and to hospital officials as her home address. Sometime after the accident, plaintiff moved to the duplex.

In the complaint, plaintiff claimed coverage under the insured's automobile insurance policy as a "family member." The policy defines "family member" as a "person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child." Plaintiff alleged that she was a "ward" of the insured because she was a member of his household and under his care at the time of the accident.

Defendant filed a motion for summary judgment. The district court granted the motion, concluding that plaintiff was not a "ward" of defendant's insured and could not claim coverage as a "family member" under the policy at issue. Plaintiff filed a timely motion for new trial. *See* Fed.R. Civ.P. 59. She alleged the district court erred by defining "ward" according to a technical, legal definition and by failing to liberally construe the terms of the insurance policy in favor of coverage. The district court denied the motion for a new trial and determined that the term "ward" was not ambiguous or susceptible to more than one reasonable interpretation.

On appeal, plaintiff continues to argue that the terms of the insurance policy should be strictly construed against the insurer and that words defining coverage should be given their ordinary meaning rather than a technical, legal construction. Specifically, plaintiff maintains the words "marriage" and "ward," as used by the insurance policy to define "family member," are ambiguous and, therefore, should be construed in the manner most favorable to her.[1]

---

1. Plaintiff also argues that she was entitled to insurance coverage due to her alleged common-law marriage to Darrell Nelson. She did not raise this argument in the district court, however, and we are therefore not inclined to consider it on appeal. *See Baker v. Penn Mutual Life Ins. Co.*, 788 F.2d 650, 663 (10th Cir.1986).

A district court appropriately grants a motion for summary judgment only when the moving party fails to show a genuine issue of any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* —— U.S. ——, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Vreeken v. Davis,* 718 F.2d 343, 347 (10th Cir.1983); Fed.R.Civ.P. 56(c).

Where different ultimate inferences may properly be drawn, the case is not one for summary judgment. *United States v. Diebold,* 369 U.S. 654, 655, 82 S.Ct. 993 [994], 8 L.Ed.2d 176; *American Fidelity & Casualty Co. v. London & Edinburgh Ins. Co.,* 354 F.2d 214, 216 (4th Cir.). The court must examine the summary judgment papers in the light most favorable to the party opposing the motion. *Frey v. Frankel,* 361 F.2d 437, 442 (10th Cir.). All the ambiguities and disagreements must be resolved in favor of the party against whom summary judgment is sought. *Heyman v. Commerce And Industry Insurance Company,* 524 F.2d 1317, 1321 (2d Cir.).

*Webb v. Allstate Life Ins. Co.,* 536 F.2d 336, 339–40 (10th Cir.1976).

"Generally [the] terms of an insurance policy must be considered not in a technical but in a popular sense, and they should be construed according to their plain, ordinary and accepted use in common speech, unless it affirmatively appears that a different meaning was intended." *National Aviation Underwriters, Inc. v. Altus Flying Service, Inc.,* 555 F.2d 778, 782 (10th Cir. 1977); *see Webb,* 536 F.2d at 339. Where the insurance policy contains equivocal or ambiguous language, a court should interpret the policy favorably to the insured. *Young v. Fidelity Union Life Ins. Co.,* 597 F.2d 705, 707 (10th Cir.1979); *Hercules Casualty Ins. Co. v. Preferred Risk Ins. Co.,* 337 F.2d 1, 4 (10th Cir.1964).

By relying on the Oklahoma statutory definition of "ward," *see* Okla.Stat. tit. 30, § 2 (1981), the district court construed "ward" in technical, legal terms as a person over whom a guardian is appointed by a court. Although one of the definitions of "ward" in Webster's Third New International Dictionary 2575 (3d ed. 1981) is in accordance with this definition, "ward" is also there defined as "a person … under the protection or tutelage of a person." *Id.; see also* The Random House College Dictionary 1482 (revised ed. 1980).

■ The insurance policy does not define "ward" or expressly limit coverage to those situations where "ward" status is conferred by legal appointment or placement. Under these circumstances, "[t]he court may look to dictionary definitions of the ambiguous term, and if there is a range of reasonable meanings the court must apply the meaning which provides the most coverage for the insured." *Poland v. Martin,* 761 F.2d 546, 548 (9th Cir.1985). Consequently, we conclude that "ward" is ambiguous and should not be restricted to a technical, legal definition including only a person on behalf of whom a legal guardian has been appointed by a court of competent jurisdiction.

Other decisions construing similar insurance policy language support this conclusion. In *Brokenbaugh v. New Jersey Mftrs. Ins. Co.,* 158 N.J.Super. 424, 386 A.2d 433 (App.Div.1978), the plaintiff was a twenty-one year old woman who had been residing for the prior three years with her mother and the defendant's insured. The insured had lived with the plaintiff's mother for twenty years, although they never married. The plaintiff had lived in the insured's household between the age of two and four, and then lived with her grandmother until she was eighteen. During that time, she visited her mother and the insured often and the latter contributed to her support. In holding that the insurance policy covered the plaintiff, the court stated:

Here, … there are indications that the definition of the term 'family' is not confined to those who stand in a legal or blood relationship. By using the terms "ward" and "foster child," the Commissioner indicates that family shall include those who live within the domestic circle of, and are economically dependent on, the named insured.

See also, Busby v. Ranger Ins. Co., 708 S.W.2d 795, 796 (Mo.Ct.App.1986); Hartman v. Insurance Co. of N. Am., 106 Mich.App. 731, 308 N.W.2d 625, 629 (1981).

■ In the present case, plaintiff's son is the grandchild of the insured. Plaintiff testified by deposition and affidavit that she and her son were living in the insured's home at the time of the accident, and he was providing for them. There is evidence that the insured and his wife considered plaintiff to be a member of their family. We thus conclude that the district court erred when it held as a matter of law that plaintiff did not constitute a "ward" within the meaning of the insurance policy. We hold that plaintiff is a "ward" under the policy if she can fairly be considered as having been under the care and protection of the insured at the time of the accident. Because fact issues remain regarding plaintiff's relationship to the insured at the relevant time, we vacate the district court's summary judgment and remand for further proceedings. See National Aviation Underwriters, 555 F.2d at 784; Webb, 536 F.2d at 339–40.

The judgment of the United States District Court for the Western District of Oklahoma is VACATED, and the action is REMANDED for further proceedings.