STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellee, v. RICHARD J. BYRNE, Indiv. and as Adm'r of the Estate of Colleen R. Byrne, Deceased, *et al.*, Defendants-Appellants (Jeffrey C. Smith *et al.*, Defendants).

Second District   No. 2—86—0939

Opinion filed June 26, 1987.

Robin R. Lunn and Robert J. Shuckit, both of Keck, Mahin & Cate, of Chicago, for appellant Richard J. Byrne.

Marcia Korducki Long and Robert J. Long, both of Antioch, and Mark B. Belokon, of Waukegan, for appellant Lillian Burrgess Kosrow.

Richard D. Heytow and Peter Alfieri, both of Crystal & Heytow, of Chicago, for appellant Carl E. Robinson.

James L. Rados and Robert O. Duffy, both of Beverly, Pause, Duffy & O'Malley, of Chicago, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff, State Farm Mutual Automobile Insurance Company (State Farm), sought a declaratory judgment that it was not obligated to provide liability coverage to defendant, Ronald S. Acker, for claims asserted by defendants, Richard Byrne, Lillian Burrgess Kosrow, and Carol Robinson. The circuit court of Lake County granted State Farm's motion for summary judgment. On appeal, defendants' basic contentions include that any ambiguity regarding the term "relative" in the policy should be construed in favor of the insured, State Farm is obligated to insure Acker because Acker is related to the named insured, and policy considerations require recognition of a restructured family unit.

The facts are not in dispute. On March 2, 1985, Acker was driving a car owned by Jeffrey Smith when he collided with the second car operated by Beverly Robinson with passengers Colleen Byrne and Mary Ann Hoffman. Robinson, Byrne, and Hoffman died as a result

of the injuries they sustained in the collision. The administrators of their estates brought suit against Ronald Acker and Jeffrey Smith, among others, for wrongful death.

At the time of the accident, State Farm had issued a policy of automobile insurance to Smith. Under the terms of the policy, Smith, relatives that lived with him, and anyone Smith allowed to use his car were insured. The trial court dismissed the issue of permissive use and found that Acker did not qualify as Smith's relative under the policy. The record reveals that Acker is the brother of Smith's stepmother. Smith cohabited with his father, his stepmother, and Acker. Defendants' position on appeal is that Acker is Smith's stepuncle and is covered under Smith's policy.

The insurance policy issued to Jeffrey Smith provides in relevant part:

"Who Is an Insured

When we refer to your car, a newly acquired car or a temporary substitute care, insured means:

1. you;

2. your spouse;

3. the relatives of the first person named in the declarations;

4. any other person while using such a car if its use is within the scope of consent of you or your spouse; and

5. any other person or organization liable for the use of such a car by one of the above insureds."

The policy defines "relative" as a "a person related to you or your spouse by blood, marriage or adoption who lives with you. It includes your unmarried and unemancipated child away at school." Smith has no spouse.

As defendants indicate, if the provisions of an insurance policy are ambiguous or equivocal, the policy is construed liberally in favor of the insured. (*Saline County Agricultural Association v. Great American Insurance Co.* (1986), 144 Ill. App. 3d 394, 397.) However, the general rule is that in the absence of ambiguity, words in an insurance policy are to be given their plain and ordinary meaning. (*State Farm Mutual Automobile Insurance Co. v. Childers* (1977), 50 Ill. App. 3d 453, 456.) The principle of requiring construction of ambiguous language of an insurance contract in favor of the insured does not authorize the perversion of language or an exercise of inventive powers for the purpose of creating an ambiguity where none exists. 50 Ill. App. 3d 453, 456.

We conclude that no ambiguity exists. Although no Illinois

cases have been cited or found, other jurisdictions have determined that the term "relative" as used in insurance policies is not ambiguous. In *Fidelity & Casualty Co. v. Jackson* (4th Cir. 1961), 297 F.2d 230, 231-32, the court observed that the term "relative" denoted a person connected to another by affinity as well as by consanguinity. The court stated that even though the term "relative" has a broad meaning, the word is not necessarily indefinite. (See also *Vernatter v. Allstate Insurance Co.* (4th Cir. 1966), 362 F.2d 403, 404.) In this case, the policy expressly defined a "relative" as a person related to Smith or his spouse, by blood, marriage or adoption and who lives with him. The requirement that a relative reside with the insured sufficiently restricted the term's meaning. *Fidelity & Casualty Co. v. Jackson* (4th Cir. 1961), 297 F.2d 230, 232.

Defendants also contend that Acker is an insured by virtue of his relationship with Smith, which they claim is "stepuncle." Defendants indicate that Acker is related by marriage to Smith. The parties have not cited, nor have we found, cases dealing with this specific issue. While the parties discuss a number of cases that deal with the meaning of the term "relative," only those cases that involve an alleged relation by marriage, in the context of an insurance policy, are relevant. Defendants concede that Acker is not related to Smith by adoption or blood. In order to have a relation by marriage, Acker would have to have married into Smith's family. He did not. Thus, Acker is not related to Smith by marriage.

While the facts in *Calloway v. Allstate Insurance Co.* (1985), 138 Ill. App. 3d 545, 548, differed somewhat from the situation here, the issue was similar. In *Calloway* the court held that the wife of the stepgrandson of the insured was not related to the insured. The policy defined "insured" within the uninsured motorist provision as the spouse of any named insured and relatives of either who are residents of the same household. Contrary to defendants' assertion, this definition is not narrower than the one in the instant case. In *Calloway*, the court indicated that the wife was related only by affinity to the blood relatives of her spouse, which included his parents and brother, not his stepgrandmother.

■ Defendants urge that Acker, a stepuncle, should be considered a relative because policy considerations require recognition of a restructured family unit. We disagree. Generally, the courts recognize a relationship of affinity between a stepchild and a stepparent but have not expanded it to other step relations. (*Petition of United States* (1st Cir. 1969), 418 F.2d 264, 271.) Even recognizing that the term "relative" has been defined as "[a] kinsman; a person connected

with another by blood or affinity" (Black's Law Dictionary 1158 (5th ed. 1979)), the term would not include the relationship between Acker and Smith.

> "Affinity is the relation contracted by marriage between the husband and his wife's kindred and between the wife and her husband's kindred. The marriage places the husband in the same degree to the blood relations of the wife as that in which she herself stands toward them and gives the wife the same connection with the blood relations of the husband. [Citation.]" (*Clawson v. Ellis* (1918), 286 Ill. 81, 83, cited in *Calloway v. Allstate Insurance Co.* (1985), 138 Ill. App. 3d 545, 548.)

Smith and his stepmother are related by affinity under this definition of "relative." However, Acker and Smith are not related by affinity.

Additionally, the argument that the definition of "relative" should be relaxed to take into account a changing society has been rejected in other situations. For example, in *Sypien v. State Farm Mutual Automobile Insurance Co.* (1982), 111 Ill. App. 3d 19, 24, the court determined that the daughter of a party in cohabitation with the insured did not qualify as a relative. Despite the prevalence of cohabitation of unmarried individuals, the court was unwilling to redefine the term to bring the party within the scope of coverage.

In our judgment, the construction of the term "relative" urged by the defendants is patently unreasonable and would lead to absurd consequences. *Calloway v. Allstate Insurance Co.* (1985), 138 Ill. App. 3d 545, 549.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

REINHARD and DUNN, JJ., concur.