Harold **FLITTON**, **Father and next of kin of Eric Ray Flitton, Deceased, Appellee,**

v.

**EQUITY FIRE AND CASUALTY COMPANY, an Oklahoma Insurance Company, Appellant.**

**No. 68627.**

Supreme Court of Oklahoma.

Jan. 21, 1992.

Jefferson D. Sellers, Jack B. Sellers Law Assoc., Inc., Sapulpa, for appellee.

James E. Poe, Stephen R. Clouser, Tulsa, for appellant.

SUMMERS, Justice.

Equity Fire & Casualty Co. issued a policy providing uninsured motorist coverage for any "family member" of its insured residing in the same household, and defined family member in the policy as follows:

> *"Family member"*, as used in this endorsement, means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child.

■ Our question is this: Does the policy cover the death of the named insured's stepbrother? We hold that it does.

Eric Flitton's father married Tony Fletcher's mother. The parents and the boys lived together in the same household. Tony was the named insured on an automobile liability policy which also provided the uninsured motorist coverage referred to above. Eric was killed in an accident caused by an uninsured motorist. Eric's father sued Tony's insurance company for the $10,000 policy benefits. The company defended on the basis that Eric did not qualify as a "family member". On an agreed stipulation of facts the trial court ruled for Eric's father. Equity appealed and the Court of Appeals affirmed by unpublished memorandum opinion. We have granted certiorari to consider the issue of first impression.

The only question is whether Eric was a "family member" under the policy. If so, he was covered and his father must prevail. Eric was a "family member" under the policy if he was related by marriage to Tony. The term "related" is not defined in the policy. Equity argues that the phrase related by marriage means related by "affinity" as that term is defined in a legal sense. Equity says this means that Eric was related by affinity to Millie Flitton, his stepmother, but not to Tony, Millie's son and stepbrother to Eric.

In *In re Bordeaux' Estate*, 37 Wash.2d 561, 225 P.2d 433 (1950) the court said:

> [T]he term "affinity" is not susceptible of precise definition. Broadly speaking, however, it may be regarded as the connection existing in consequence of marriage between each of the married persons and the kindred of the other. It is distinguished from consanguinity, which denotes relationship by blood. *Id.* 225 P.2d at 436.

But generally the courts have said that "affinity" includes the relationship of stepchild and stepparent, and not that of other steprelations. *State Farm Mut. Auto. Ins. Co. v. Byrne*, 156 Ill.App.3d 1098, 109 Ill. Dec. 510, 512, 510 N.E.2d 131, 133 (2 Dist. 1987). This concept of affinity is consistent with the strict legal definition of that term:

> Affinity is the product of marriage, the relationship between the husband and the consanguine of the wife, or between the wife and the consanguine of the husband. A husband is not related to the affines of his wife nor is she related to the affines of his brother. *State v. Peterson*, 110 Utah 413, 174 P.2d 843, 847 (1946).

That court went on to note, however, that "... laymen probably do not construe the relationship within such narrow limits." *Id.*

The policy before us, however, does not employ the term "affinity", and we decline to rewrite the policy to substitute that more technical term for the simpler lan-

guage used. The policy does use the term "family", which has been recognized as "not confined to those who stand in a legal or blood relationship." *Brokenbaugh v. New Jersey Mfrs. Ins. Co.*, 158 N.J.Super. 424, 386 A.2d 433, 436 (1978). The court there said that a "family shall include those who live within the domestic circle of, and are economically dependent on, the named insured." *Id.* The court then determined that an economically dependent member of the domestic circle could be characterized as a "foster child" and thus, also a "relative" of the insured for the purpose of uninsured motorist coverage. *Id.* 386 A.2d at 438. (Note that the policy before us specifically included a foster child.) *See also Houston v. National General Ins. Co.*, 817 F.2d 83 (10th Cir.1987), where it was held that the contractually undefined term "ward" in an insurance contract was not restricted to its technical and legal definition. Classification of those individuals coming within the definition of a "family" or "household" is not necessarily dependent upon the presence of a connection by affinity or consanguinity. *See Hernandez v. Comco Ins. Co.*, 357 So.2d 1368, 1370 (La.App.1978).

▮ The definition of "family member" as used by the Company in its insurance contract consists of words capable of being understood by laymen. The phrase "A person who is related to you by blood, marriage or adoption, who is a member of your household" should need no lawyer to translate it. Nor do we believe it to be ambiguous. We have said that in construing an insurance contract, its terms and words, if unambiguous, must be accepted in their plain, ordinary, and popular sense. *Wiley v. Travelers Ins. Co.*, 534 P.2d 1293, 1295 (Okl.1974). "The construction of an insurance policy should be a natural and reasonable one, fairly construed to effectuate its purpose, and viewed in the light of common sense so as not to bring about an absurd result." *Id.* See also *Dodson v. St. Paul Ins.*, 812 P.2d 372 (Okl.1991), which quoted *Wiley* with approval.

Equity's construction of the policy is that the parents were covered, but that Eric, though residing in the home, was not, because of his status as a stepbrother to the insured. We disagree. Were Eric still alive, and were either he or Tony asked whether each was related to the other by marriage, we have no doubt that both would have answered "yes." We are satisfied that the average policyholder would understand that two stepbrothers are related by the marriage of their respective parents. The Company in writing its policy chose not to use the terms "consanguinity and affinity", with the technical limitations on the latter word. Nor did it specifically list by name each of the individuals intended to be covered. We conclude that Eric was a family member under the policy, as he was related to his stepbrother Tony by the marriage of their parents, and resided in the same household.

The opinion of the Court of Appeals is vacated and the judgment of the district court is affirmed.

OPALA, C.J., HODGES, V.C.J., and SIMMS, ALMA WILSON and KAUGER, JJ., concur.

LAVENDER, DOOLIN and HARGRAVE, JJ., dissent.