968 F.2d 1224
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 KANSAS CITY FIRE & MARINE INSURANCE COMPANY, a Missouri
Corporation, Plaintiff-Appellee,
v.
HAPPINESS IS A LEARNING CENTER, INC.; Linda Albertson,
individually and as parent, legal guardian and next of kin
of Michelle Albertson, a minor; Jennifer Albertson, a
minor; David Earl Barker and Diane Ruth Barker,
individually and as husband and wife, and as parents, legal
guardians and next friends of Amber Barker, a minor; Geneva
Young, individual; Michelle Heller, individually and as
mother, parent and next friend of "Brian," a minor child;
Stephen W. Self, individually, father and parent of "Brian,"
a minor child; "Brian," a minor child; Jerry Young,
individually, Defendants-Appellants.
 No. 91-5168.
 United States Court of Appeals, Tenth Circuit.
 July 7, 1992.
 
 1
 Before LOGAN and EBEL, Circuit Judges, and SAFFELS,* Senior District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 SAFFELS, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 This declaratory judgment action was brought in the district court for the Northern District of Oklahoma by Plaintiff Kansas City Fire and Marine Insurance Company (Kansas City Fire) against its insured, Defendant Happiness is a Learning Center, Inc. (Happiness), and various parents, on behalf of themselves and their children, who were allegedly sexually molested by employees of Happiness. Kansas City Fire issued a Day Care Liability Child Care Provider Policy to Happiness which provides coverage in the event of injury as a result of the operation of a day care center. Kansas City Fire requested the district court declare that certain provisions of Happiness' day care provider insurance policy exclude coverage for injuries resulting from sexual molestation and abuse of children by employees of Happiness.
 
 
 6
 The district court granted Kansas City Fire's motion for summary judgment, declaring that the parties intended to exclude coverage for bodily injury resulting from sexual molestation or abuse by employees of the day care center. Defendants appeal, contending that the district court erred in concluding that the sexual abuse and molestation exclusion provision in the policy is effective to preclude coverage in this case.
 
 
 7
 We have diversity jurisdiction to decide this case, 28 U.S.C. § 1332(a)(1), and we apply Oklahoma substantive law. Salve Regina College v. Russell, 111 S.Ct. 1217, 1218 (1991). The district court's construction of a contract is an issue of law which we review de novo. See id. at 1221. We also review the grant of summary judgment de novo. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). We apply the same legal standard used by the district court under Fed.R.Civ.P. 56(c). Id. Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991).
 
 
 8
 Kansas City Fire claims that the policy does not provide coverage for the claims of the parents because of an exclusion provision which provides in part:
 
 This insurance does not apply to:
 
 9
 ....
 
 
 10
 s. "Bodily injury" resulting from sexual or physical abuse or molestation, whether or not intentional, attempted or committed, to any person, by any "insured" or volunteer workers.
 
 The policy defines "insured" as:
 
 11
 a. Your employees and volunteer workers (other than your executive officers), but only for acts within the scope of their employment by you.
 
 
 12
 Defendants argue that the employees, who allegedly molested the children, were neither volunteer workers nor "insureds" as defined by the policy. The definition is clear in stating that only employees engaging in acts within the scope of their employment qualify as insureds. The ultimate question for the court is whether the offending employees were acting within the scope of their employment at the time the molestations occurred.
 
 
 13
 This court's recent decision in All American Insurance Co. v. Burns, Nos. 87-1202 & 87-1321 (10th Cir. May 4, 1992), applying Oklahoma law, appears to be dispositive in this case. In All American Insurance, we also had opportunity to consider whether a party was an insured, as similarly defined, for purposes of deciding the applicability of an exclusion provision in an insurance policy. Id., slip op. at 15. We concluded that the party was an insured because his "criminal acts occurred while he was performing the very task he was directed by [his employer] to perform," thus giving "effect to the 'plain, ordinary and popular' meaning of the scope of duty clause in the policy." Id., slip op. at 16 (quoting Wiley v. Travelers Ins. Co., 534 P.2d 1293, 1295 (Okla.1974)). Oklahoma law further supports this contention. See Flitton v. Equity Fire & Casualty Co., 824 P.2d 1132, 1134 (Okla.1992) (terms and words in insurance contracts, if unambiguous, must be accepted in their plain, ordinary, and popular sense); Dodson v. St. Paul Ins. Co., 812 P.2d 372, 376 (Okla.1991) (same).
 
 
 14
 Defendants cite Oklahoma cases in which criminal acts were found to be outside the scope of a servant's employment. See Allison v. Gilmore, Gardner & Kirk, Inc., 350 P.2d 287 (Okla.1960); Mistletoe Express Serv. Inc. v. Culp, 353 P.2d 9 (Okla.1959). These cases, however, were decided within the context of the respondent superior doctrine, and as such, are distinguishable from the present situation. See All Am. Ins. Co. v. Burns, Nos. 87-1202 & 87-1321, slip op. at 15.
 
 
 15
 Defendants do not contend that the offending employees were acting outside their regular employment duties when the molestations occurred, but only that the acts of molestation themselves were outside the scope of their regular employment duties. However, following Defendants' reasoning would place an unreasonable interpretation on the contract language. This we decline to do.
 
 
 16
 When interpreting an insurance contract, as with other contracts, it is critical to give the language of the contract great import. Allstate Ins. Co. v. Brown, 920 F.2d 664, 669 (10th Cir.1990). The provisions of an insurance contract must be read together. Id. at 671. With this in mind, and in accord with our decision in All American Insurance, we conclude that the offending employees were insureds and as such fall under the coverage exclusion. We discern no other impediment to a summary judgment decision.
 
 
 17
 The district court concluded that construing the exclusion against the Defendants reflected the intent of the parties. The district court did not discern any ambiguity and neither do we. When the language of a contract is clear, explicit, and unambiguous, its language is the best evidence of what the parties intended. See Young v. Fidelity Union Life Ins. Co., 597 F.2d 705, 707 (10th Cir.1979) ("[A]n unambiguous insurance contract, like any other contract, should be enforced as written.").
 
 
 18
 Therefore, Defendants' Motion to Certify, filed in this court, is denied.[1] The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The decision to certify is discretionary. Lehman Bros. v. Schein, 416 U.S. 386, 391 (1974); Allstate Ins. Co. v. Brown, 920 F.2d at 667. Certification becomes important when the question is unprecedented or unsettled. Allstate Ins. Co., 920 F.2d at 667. Such is not the case here