OSCN Found Document:SERRA v. PERSONAL REPRESENTATIVE OF ESTATE OF BROUGHTON

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 SERRA v. PERSONAL REPRESENTATIVE OF ESTATE OF BROUGHTON
2015 OK 82
Case Number: 112622
Decided: 12/08/2015
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2015 OK 82, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

SANDRA VILARRUBIAS SERRA, Plaintiff/Appellant,
v.
PERSONAL REPRESENTATIVE OF THE ESTATE OF DONALD BROUGHTON, Deceased, and ANDREA McNAIR, Defendants,
and
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant/Appellee.

ON CERTIORARI TO THE COURT OF CIVIL APPEALS, DIVISION IV

¶0 Plaintiff/Appellant Sandra Vilarrubias Serra was seriously injured in Pryor, Oklahoma, in an automobile accident while riding as a passenger in a friend's car. At that time, she was living in Pryor as an exchange student from Spain to attend high school for one year. She filed a claim for her injuries against the uninsured/underinsured and medical payments provisions of the automobile policy of her host family's insured. The claim was denied. The trial court granted the insurer, defendant/appellee State Farm Mutual Automobile Insurance Company's motion for summary judgment and held that Serra did not qualify as an "insured" under the definition of "resident relative" which includes a "ward" or "foster child." The Court of Civil Appeals affirmed. We previously granted certiorari. We vacate the opinion of the Court of Civil Appeals and reverse the trial court's judgment. This case is remanded to the trial court for further proceedings.

COURT OF CIVIL APPEALS' OPINION VACATED; DISTRICT
COURT'S JUDGMENT REVERSED AND REMANDED.

John M. Crockett, Pryor, Oklahoma, and Dale R. Marlar, Claremore, Oklahoma, for Appellant,
Joseph T. Acquaviva, Frances J. Armstrong, Oklahoma City, Oklahoma, for Appellee.

OPINION

WATT, J.:

¶1 The issue in this case is whether the plaintiff, Appellant Sandra Vilarrubias Serra, is covered under the uninsured/underinsured motorist (UM) and medical payments (medical pay) coverage of the automobile insurance policy issued to Traci Robertson by the Appellee, State Farm Mutual Automobile Insurance Company (State Farm). In particular, we must decide whether Serra is a "ward" of Robertson for purposes of coverage under the policy. We hold that she is covered and reverse.

FACTUAL AND PROCEDURAL BACKGROUND

¶2 Serra was a foreign exchange student from Spain who was attending her senior year of high school in Pryor, Oklahoma. She resided in the home of Traci Robertson in Pryor. As a passenger in the car of a friend, Andrea McNair, she sustained serious injuries when McNair's car collided with Donald Broughton, who was driving a motorcycle. Broughton was killed in the accident. Serra attempted to collect damages for her injuries by filing a claim against Robertson's automobile policy's uninsured motorist and medical payments coverage. State Farm denied coverage to Serra who then filed a lawsuit against the Personal Representative of Donald Broughton, Andrea McNair and State Farm.[1] State Farm filed a motion for summary judgment in the trial court which was granted. Serra appealed to this Court, and the appeal was assigned to the Court of Civil Appeals (COCA), Division IV. In a published opinion, COCA affirmed the trial court. We granted certiorari.

POLICY PROVISIONS

¶3 Under the "Medical Payments Coverage" of the policy, "Insured" is defined as follows:

Insured means:

1. you and resident relatives:
a. while occupying:

(1) your car;
(2) a newly acquired car;
(3) a temporary substitute car;
(4) a non-owned car; or
(5) a trailer while attached to a car described in (1), (2), (3), or (4) above; or

b. if struck as a pedestrian by a motor vehicle or any type of trailer; and

2. any other person while occupying:

a. your car;
b. a newly acquired car;
c. a temporary substitute car, or
d. a trailer while attached to a car described in a., b., or c. above.
Such vehicle must be used within the scope of your consent.
(emphasis in original)

¶4 Under the "Uninsured Motor Vehicle Coverage" of the policy, "Insured" is defined as follows:

Insured means:

1. you;
2. resident relatives;
3. any other person while occupying:

a. your car;
b. a newly acquired car; or
c. a temporary substitute car.

Such vehicle must be used within the scope of your consent. Such other person occupying a vehicle used to carry persons for a charge is not an insured; and

4. any person entitled to recover compensatory damages as a result of bodily injury to an insured as defined in items 1., 2., or 3. above.
(emphasis in original)

¶5 Under both types of coverage noted above, the term "resident relative" is included in the definition of "insured." Under the general "Definitions" section of the policy, "resident relative" is defined as follows:

Resident Relative means a person, other than you, who resides primarily with the first person shown as a named insured on the Declarations Page and who is:

. . .
2. A ward or a foster child of that named insured, his or her spouse, or a person described in 1. above [relating to relatives of the insured by blood, marriage, or adoption]. (emphasis in original)

"Person" is defined:

Person means a human being.

¶6 Thus, the policy coverage extends to Robertson herself as the insured, "resident relatives" of Robertson, a passenger in Robertson's car, or any "person" entitled to compensation for bodily injury as an "insured" as defined by the policy. The only potential for UM or medical pay coverage for Serra appears to be as a "resident relative" of Robertson, as she was not injured in Robertson's car. State Farm denies that Serra was a "resident relative" at the time of the accident because: (1) she did not primarily reside with Robertson; (2) she is not related to Robertson by blood, marriage or adoption; and (3) she is not Robertson's "ward" or "foster child." Serra did reside in Robertson's home at the time of the accident. However, she clearly is not a "foster child" of Robertson. The question then is whether she could be considered a "ward" of Traci Robertson, the named insured. In considering this question, COCA held Serra was not Robertson's ward and upheld the summary judgment entered in favor of State Farm.

LEGAL DISCUSSION

¶7 In ruling that Serra was not covered as a "ward" under the policy, COCA relied on Houston v. National General Insurance Co., 817 F.2d 83 (10th Cir. 1987). The United States Court of Appeals for the Tenth Circuit considered whether a claimant could be a "family member" of the insured which included a "ward" or "foster child". The plaintiff argued she was a "ward" of the insured because she was a resident of his household, although she was not related by "blood, marriage or adoption". Her relationship to the insured was as the mother of the insured's grandchild who also happened to live with the insured and his wife. The term "ward" was not defined in the policy. The trial court construed it strictly and denied coverage based on the statutory definition of "ward" found at 30 O.S. 1981 §2.[2] The statutory definition is: "A person over whom a guardian is appointed and a person over whose property a guardian or conservator is appointed is called a ward." On appeal, the plaintiff argued the term "ward" should be strictly construed against the insurer and words defining coverage should be given their ordinary meaning, rather than a technical, legal construction. She argued the terms were ambiguous and should be construed most favorably for her. The appellate court agreed and reversed the trial court. The Tenth Circuit court held that because the policy did not define "ward" or limit the coverage to instances in which "ward" status was conferred by legal appointment, the term was ambiguous and should not be limited to a technical, legal definition. Houston, supra, at 85.

¶8 Despite the similarities between the policy provision in the instant case and in Houston, supra, COCA held the term "ward" did not apply to Serra. Referring to Houston, supra, and Flitton v. Equity Fire and Casualty Company, 1992 OK 2, 824 P.2d 1132, the appellate court reasoned:

Accordingly, because the term "ward" is undefined in the Policy, we also adopt a non-technical definition similar to the one adopted in Houston and consistent with the Supreme Court's guidance in Flitton. However, we decline to adopt, out of context, the non-technical definition of "ward" set forth in Houston - i.e., of any person "under the protection or tutelage" of another - because this definition, by itself, is far too broad and vague, nor does it appear from a review of its entire opinion that the Houston Court intended to adopt such an imprecise definition. In fact, as stated above, the Houston Court refined the definition of "ward" to include only those who can "fairly be considered as having been under the care and protection of the insured," and who are both "within the domestic circle of, and are economically dependent on," the insured.

COCA opinion, ¶18.

¶9 While COCA found the refined definition of "ward" in Houston, i.e., "under the care and protection of the insured" and "within the domestic circle of, and are economically dependent on", was not applicable to Serra, we disagree. It is not disputed that Serra's parents have the ultimate responsibility for her support, education, and her physical care and well-being. We also understand that she is, and was, at the time of the accident, eighteen years old. She did not live independently, but was assigned to a host family where she could be integrated into the home life of the Robertson family, and on a larger scale, the culture of the United States. Within the context of a foreign exchange program, Robertson was designated as the person in this country to whom Serra and her parents looked to provide "care and protection" while she attended Pryor High School. We do not mean to imply that Serra severed her dependent relationship with her parents in any way. However, for a period of time, Serra became a member of Robertson's household, and by doing so, received indirect economic benefits from Robertson, as well as the intended educational and cultural benefits for which the Mutual Educational and Cultural Exchange Program was enacted.[3]

¶10 The interpretation of an insurance contract and whether it is ambiguous is determined by the court as a matter of law.[4] An undefined policy term should be given its plain and ordinary meaning.[5] The term "ward" is not defined in the policy. Moreover, it is found in close proximity to the term "foster child." The reference to "ward" is therefore ambiguous, and we will not apply a legal, technical definition to it. See Houston, supra, at 85.[6] When an insurance provision is ambiguous, words of inclusion will be construed liberally in the insured's favor, and words of exclusion will be construed strictly against the insurer. Haworth v. Jantzen, 2006 OK 35, ¶17, 172 P.3d 193, 197. When an insurer desires to limit its liability under a policy, it must use language which clearly and distinctively reveals its stated purpose. Id. It should be construed in non-technical, common terms. See Haworth, supra; Houston, supra. Because of the ambiguity, it should be given the definition which favors coverage. Haworth v. Jantzen,2006 OK 35, ¶1, 172 P.3d at 194. Neither the term "ward" nor "foster child" suggests that a familial relationship with the insured is required for coverage as a "resident relative" under the UM or medical payments coverage. A relationship to Robertson, the named insured, by blood, marriage, or adoption is, thus, not required.

¶11 As a reason for denial of coverage, State Farm argued that under the Exchange Act, Serra's parents were required to have health and accident insurance coverage for their daughter while she was in this country as an exchange student. We acknowledge that this was required under the Act. However, insurance coverage held by Serra's parents on her behalf does not necessarily preclude coverage for UM and medical pay benefits under Robertson's insurance policy if Serra meets the definition of "insured." We hold that she does.

¶12 COCA stated a difference between the instant case and Houston and Clayton, both of which remanded to the trial court because material facts existed as to whether the plaintiff was a "ward" of the insured, was that "[S]erra, who lived with Robertson for only a few weeks prior to the accident and then returned to her home in Spain, did not have the dependence on Robertson that the plaintiffs had on the insureds in Houston and Clayton."[7] This determination was based on COCA's determination that Serra lived with Robertson for only a few weeks, that Serra's parents provided her with spending money, insurance and material goods, and that she became eighteen prior to traveling to Oklahoma to spend a limited amount of time, i.e., the school year, with Robertson.

¶13 COCA declined to adopt the non-technical definition of "ward" first set forth by the Houston court ["under the protection or tutelage" of another], because it was too broad and vague, nor the "refined" definition [those who can "fairly be considered as having been under the care and protection of the insured" and who are both "within the domestic circle of, and are economically dependent on" the insured]. We need not decide what a precise definition of "ward" should be. However, based on our case law, we cannot say, as a matter of law, that the term "ward" could not apply to Serra for purposes of coverage in this case.

¶14 In Flitton v. Equity Fire & Casualty Company, 1992 OK 2, 824 P.2d 1132, we determined that the policy term "family member" [defined in the policy therein as related by blood, marriage or adoption who is a resident of the insured's household] which included a "ward or foster child", should include a stepbrother of the insured, despite the argument that stepbrothers are not technically related by marriage to each other.[8] We held the average policyholder would understand two stepbrothers are related by the marriage of their parents. Citing Houston, supra, and Brokenbaugh v. New Jersey Mfrs. Ins. Co., 158 N.J.Super. 424, 386 A.2d 433, 436 (1978), this Court declined to rewrite the policy to require a "family member" related by "blood, marriage or adoption" to include the technical requirement of "affinity" which is distinguished from "consanguinity", denoting a relationship by blood.[9] This would have been a technical definition of "family member", which we rejected because it was not required by the policy terms.

¶15 There, as here, no technical definition of "ward" is specified by the State Farm policy. Despite the short time Serra lived with Robertson, she was under Robertson's care and protection while she lived under her roof. She understood she was to follow the Robertson family's rules and looked to Robertson for guidance and supervision. She did not consider herself to be under her own care and protection as an adult at the time of the accident, despite the fact State Farm offered this as an undisputed fact.[10]

 

SUMMARY JUDGMENT AND STANDARD OF REVIEW

 

¶16 The appellate standard of review in a motion for summary judgment is de novo. Wing v. Lorton, 2011 OK 42, 261 P.3d 1122. The evidentiary materials will be examined to determine if there is a substantial controversy as to the material facts. Id., citing Sperling v. Marler, 1998 OK 81, 963 P.2d 577. All inferences and conclusions to be drawn must be viewed in the light most favorable to the nonmoving party. Wing v. Lorton, supra, citing Carmichael v. Beller, 1996 OK 48, ¶2, 914 P.2d 1051, 1053.

¶17 Because we hold the terms of the insurance policy were ambiguous as to the definition of "ward", we cannot determine, as a matter of law, that summary judgment was properly entered in favor of State Farm by the trial court. Accordingly, we reverse COCA's opinion which found that Serra could not qualify as a "ward" under the facts of this case. This case must be remanded to the trial court for further proceedings

¶18 The opinion of the Court of Civil Appeals is vacated. The order of the trial court is reversed. This case is remanded to the trial court for further proceedings in accord with this opinion.

COURT OF CIVIL APPEALS' OPINION VACATED; DISTRICT
COURT'S JUDGMENT REVERSED AND REMANDED.

REIF, C.J., COMBS, V.C.J., KAUGER, WATT, EDMONDSON, COLBERT, GURICH, JJ. - CONCUR

WINCHESTER, TAYLOR, JJ. - DISSENT

FOOTNOTES

[1] Serra dismissed her claims against the Estate of Donald Broughton without prejudice on February 6, 2014. She dismissed her claims against Andrea McNair with prejudice on January 31, 2014. State Farm is the only remaining defendant in this case.

[2] Renumbered as 30 O.S. §1-107, effective 12/1/88, of the Oklahoma Guardianship and Conservatorship Act.

[3] The "Congressional statement of purpose" of the Mutual Educational and Cultural Exchange Program, at 22 U.S.C. §2451, provides:

The purpose of this chapter is to enable the Government of the United States to increase mutual understanding between the people of the United States and the people of other countries by means of educational and cultural exchange, to strengthen the ties which unite us with other nations by demonstrating the educational and cultural interests, developments, and achievements of the people of the united States and other nations, and the contributions being made toward a peaceful and more fruitful life for people throughout the world, to promote international cooperation for educational and cultural advancement; and thus to assist in the development of friendly, sympathetic, and peaceful relations between the United States and the other countries of the world.

[4] Max True Plastering Co. v. United States Fidelity and Guaranty Co., 1996 OK 28, 912 P.2d 861, 869.

[5] Clayton v. Millers First Insurance Companies, 384 Ill. ApP.3d 429, 892 N.E.2d 613 (Ill. App. 2008).

[6] "Generally [the] terms of an insurance policy must be considered not in a technical but in a popular sense, and they should be construed according to their plain, ordinary and accepted use in common speech, unless it affirmatively appears that a different meaning was intended." See Houston, supra, at 85, quoting National Aviation Underwriters, Inc. v. Altus Flying Service, Inc., 555 F.2d 778, 782 (10th Cir. 1977).

[7] ¶21, COCA opinion.

[8] We noted in Flitton, supra, at page 1133, that generally courts have held "affinity" includes the relationship of stepchild and stepparent, but not that of other steprelations, citing State Farm Mutual Auto. Ins. Co. v. Byrne, 156 Ill.App.3d 1098, 109 Ill.Dec. 510, 512, 510 N.E.2d 131, 133 (2 Dist. 1987).

[9] At page 1133 of Flitton, supra, we quoted the definition of "affinity" approvingly from In re Bordeaux' Estate, 37 Wash.2d 561, 225 P.2d 433, 436 (1950):

[T]he term "affinity" is not susceptible of precise definition. Broadly speaking, however, it may be regarded as the connection existing in consequence of marriage between each of the married persons and the kindred of the other. It is distinguished from consanguinity, which denotes relationship by blood. Id. 225 P.2d at 436.

[10] Serra "denied" this in her responses to State Farm's requests for admissions. See Record on Accelerated Appeal, tab number 4, Serra's responses to State Farm's Request for Admissions, No. 13, attached to Plaintiffs Response to State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment.

 

 





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1992 OK 2, 824 P.2d 1132, 63 OBJ 278, Flitton v. Equity Fire and Cas. Co.
Discussed at Length
 1996 OK 28, 912 P.2d 861, 67 OBJ 806, Max True Plastering Co. v. U.S. Fidelity and Guar. Co.
Discussed
 2006 OK 35, 172 P.3d 193, HAWORTH v. JANTZEN
Discussed at Length
 1996 OK 48, 914 P.2d 1051, 67 OBJ 1173, Carmichael v. Beller
Discussed
 2011 OK 42, 261 P.3d 1122, HAWK WING v. LORTON
Discussed
 1998 OK 81, 963 P.2d 577, 69 OBJ 2638, Sperling v. Marler
Discussed
Title 30. Guardian and Ward
 Cite
Name
Level

 30 O.S. 2, Renumbered as 30 O.S. § 1-107 by Laws 1988, HB 1078, c. 329, § 134, eff. December 1, 1988
Cited
 30 O.S. 1-107, Definition of Ward
Cited