JOHN MELSON, Plaintiff-Appellee, *v.* ILLINOIS NATIONAL INSURANCE COMPANY, Defendant-Appellant.

(No. 71-5; )

Second District—October 26, 1971.

Matthews, Jordan, Dean, Eichmeier & Peterson, of Aurora, (Roger W. Eichmeier, of counsel,) for appellant.

Ruddy, Myler & Bartsch, of Aurora, for appellee.

PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Defendant, Illinois National Insurance Company, appeals from a summary judgment entered in favor of the plaintiff, John Melson, in the amount of $10,000.00.

The facts in this case are undisputed. Plaintiff was injured in an automobile collision due to the negligence of an uninsured motorist. As a result of the accident, he allegedly incurred damages in the amount of $12,000.00 for medical expenses, $14,000.00 for lost wages and an unliquidated amount due to permanent disability.

At the time of the accident the plaintiff was insured by the defendant and the policy provided for uninsured motorists coverage with a limitation of $10,000.00 for each injured person and $20,000.00 for each accident. In addition the policy provided for medical payment coverage up to a maximum of $2,000.00 for each person. The defendant paid the plaintiff $2,000.00, the limit of medical coverage, and offered to pay only $8,000.00 under the uninsured motorists liability coverage. It is the position of the defendant that it may credit the $10,000.00 uninsured motorists liability coverage with the $2,000.00 already paid under the medical payment coverage. This contention is based upon subparagraph (d) of Part IV, Coverage J (uninsured motorists coverage) of the policy which states:

"(d) The company shall not be obligated to pay under this Coverage that part of the damages which the insured may be entitled to recover from the owner or operator of an uninsured automobile which represents expenses for medical services paid or payable under Part II (medical expense coverage)."

The plaintiff demanded the full $10,000.00 liability coverage but the defendant refused; therefore, a declaratory judgment action was instituted by the plaintiff. On a motion for summary judgment, the trial judge held that the defendant was obligated to pay the plaintiff $10,-000.00. The defendant appeals from that order.

The particular provision involved has never been interpreted by a reviewing court in Illinois. The defendant, in support of its position, cites three cases from other jurisdictions which dealt with a similar or the same provision. *Boehler v. Insurance Company of North America* (W.D. Ark. 1968), 290 F. Supp. 867; *Robey v. Northwestern Security Insurance Company* (W.D. Ark. 1967), 270 F. Supp. 466; *Bacchus v. Farmers Insurance Group Exchange* (Ariz. App. 1970), 467 P.2d 76.

In all of these decisions the issue being litigated was not the interpretation but whether the crediting provision was contrary to public policy. In the case at bar the plaintiff explicitly admits that the provision is valid. His conclusion might be a tenuous one, in view of the fact that we note that two separate premiums were paid for the uninsured motor-

ists and medical payment coverage. (See, *Tuggle v. Government Employees Insurance Co.* (Fla. 1968), 207 So.2d 674.) However, the consequence of his confession of validity is that we are not called upon to decide if the provision violates public policy. Therefore, the thrust of these cases is of little consequence to our decision.

In addition, these cases cannot control or even influence our decision since they have all been either impliedly or directly overturned. The *Boehler* case, relies completely upon the decision rendered in the *Robey* decision. Both of these cases were decided by United States District Courts sitting in Arkansas and were attempting to interpret a question of state law without the benefit of any precedent from the Arkansas Supreme Court. Our research discloses the recent decision of *Heiss v. Aetna Casualty and Surety Co.* (1971), 465 S.W.2d 699, where the Arkansas Supreme Court held invalid the same medical expenses deduction provision which *Robey* and *Boehler* held valid. Therefore, at the present time *Robey* and *Boehler* are not "the law". The *Bacchus* case also held the provision valid. However, we find that decision was reversed on review by the Supreme Court of Arizona in *Bacchus v. Farmers Insurance Group Exchange* (1970), 475 P.2d 264, holding that the clause was violative of public policy.

The defendant cites a fourth case which dealt with a similar provision. (*Morgan v. State Farm Mutual Automobile Ins. Co.* (La.App. 1967), 195 So.2d 648.) This is the only decision defendant cites concerning the provision which has not been overturned. However, it is distinguishable upon the fact that the insurance provision in that case was worded substantially different than the policy in the case at bar. In addition, as in *Robey, Boehler* and *Bacchus,* validity of the provision, and not interpretation, was at issue.

Although no decision involving the interpretation of the provision has been cited, our research has revealed three cases interpreting the identical provision appearing in plaintiff's policy. (See, *Taylor v. State Farm Mutual Automobile Ins. Co.* (La.App. 1970), 237 So.2d 690; *Hutchinson v. Hartford Accident & Indemnity Co.* (1970), 312 N.Y.S.2d 789; *Wittig v. United Services Automobile Association* (N.D. Ind. 1969), 300 F. Supp. 679. These cases based their interpretations upon the rationale that:

"\* \* \* [the medical payment crediting provision is] designed only to protect the insurance company from double exposure for medical payments. Thus it prevents an insured whose medical expenses have been paid under the Medical Payment Coverage from collecting for those medical expenses once again \* \* \*." *Taylor v. State Farm Mutual Automobile Ins. Co., supra,* at 693.

The defendant in the case at bar does not disagree with this rationale since it has admitted that the provision is designed so that "medical expenses as an item of damages for bodily injury shall not be paid twice by the insurance company."

Consequently, we must decide whether allowing the plaintiff the full $10,000 in liability coverage will be awarding him double payment for the $2,000.00 in medical expenses already received.

Plaintiff argues that he is not requesting a duplication because he still has at least $14,000.00 in lost wages and an unliquidated amount of damages in pain, suffering and permanent disability for which he has not been compensated. Thus, the $10,000.00 which he seeks is not money "which represents expenses for medical services paid or payable under Part II," but is merely compensation for these other damages.

The defendant has admitted that the plaintiff's damages are in excess of $12,000.00 and the trial judge found his damages to be greatly in excess of that amount. Since the plaintiff has been compensated for $2,000.00 of medical expenses he still has remaining a minimum of $10,000.00 in damages which have not been paid as medical expenses and are not payable as such since he has already exhausted his medical payment coverage. Therefore, regardless if the remaining $10,000.00 of his admitted damages is regarded as medical expenses, lost wages, damages for pain, suffering or for permanent disability, it is clear that double payment will not occur if the limit of uninsured motorists coverage is paid.

It follows that double payment can exist, and that therefore the deduction provision applies, only if the total amount of proven or undisputed damages does not exceed the total of uninsured motorists coverage and medical expense coverage. Indeed, this is the interpretation which *Taylor, Wittig* and *Hutchison* have all placed upon the provision.

We hold that where the total proven or undisputed damages incurred by the insured are greater than the combined total of uninsured motorist and medical coverage, the crediting provision cannot apply. Since the defendant admits that the plaintiff's damages are in excess of $12,000.00 we affirm the summary judgment in the amount of $10,000.00.

Judgment affirmed.

GUILD and SEIDENFELD, JJ., concur.