BIENVENIDO BRUNO, Plaintiff-Appellant, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.

First District (3rd Division)   No. 1—89—1765

Opinion filed July 17, 1991.—Rehearing denied November 8, 1991.

William E. Reynolds, of Chicago (Edward F. Cozzi, of counsel), for appellant.

Taylor, Miller, Sprowl, Hoffnagle & Merletti, of Chicago (James J. Hoffnagle, of counsel), for appellee.

JUSTICE GREIMAN delivered the opinion of the court:

Plaintiff, Bienvenido Bruno, appeals from an order of the circuit court of Cook County granting summary judgment (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005) to defendant, State Farm Mutual Automobile Insurance Company.

The sole issue on appeal is whether the trial court properly granted State Farm's motion for summary judgment based on its finding that the contractual limit of defendant's uninsured motorist coverage ($25,000) was entirely offset by the same amount of money paid to plaintiff by another insurance carrier where actual damages may have exceeded the $25,000 so paid.

For the reasons that follow, the judgment of the trial court is reversed and the cause is remanded for further proceedings.

The facts are not in dispute. On March 24, 1986, plaintiff was a passenger in an automobile driven by Norma Burgess. The automobile

was struck by an unidentified motorist which resulted in injuries to plaintiff. Plaintiff claims that as a result of the accident he incurred medical and incidental bills in excess of $50,000.

The Burgess automobile was insured by Government Employees' Insurance Company (GEICO), which provided bodily injury liability limits of $25,000, and uninsured motorist limits of $25,000.

Plaintiff was insured by defendant. The terms of his policy provided uninsured motorist limits of $25,000. Plaintiff's policy contained a setoff provision which stated that any amount which would be payable to him under the uninsured motorist coverage would be reduced by any amount which was payable or paid to him by anyone responsible for bodily injury to him.

Plaintiff filed a complaint for declaratory judgment against defendant and GEICO seeking recovery from each insurance company. On May 17, 1989, the trial court granted GEICO's motion to dismiss the complaint with prejudice upon GEICO's payment of $25,000 to plaintiff under its bodily injury liability provision. Thus, GEICO is not a party to this appeal.

In its motion for summary judgment, defendant asserted that the $25,000 GEICO payment offset the coverage provided by its policy, which was limited to $25,000. Defendant argued that since GEICO's payment was equal to defendant's liability limit, plaintiff was not entitled to recover any additional award from defendant.

On appeal, plaintiff argues that the $25,000 paid by GEICO does not fully compensate him for his injuries and he would not be receiving double recovery because his medical bills exceed the combined total of the amount paid by GEICO and the uninsured motorist coverage provided by defendant's policy.

In response, defendant maintains that under its setoff and subrogation provisions, plaintiff is not entitled to any uninsured motorist coverage because plaintiff already collected an amount equal to the maximum coverage under its policy. Defendant relies on cases which have upheld the validity of setoff and subrogation provisions under other circumstances. *Stryker v. State Farm Mutual Automobile Insurance Co.* (1978), 74 Ill. 2d 507, 386 N.E.2d 36; *Ullman v. Wolverine Insurance Co.* (1970), 48 Ill. 2d 1, 269 N.E.2d 295; *Schutt v. Allstate Insurance Co.* (1985), 135 Ill. App. 3d 136, 478 N.E.2d 644.

■■ ■ Summary judgment is appropriate where the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. (*Vuletich v. United States Steel Corp.* (1987), 117 Ill.

2d 417, 421, 512 N.E.2d 1223.) We find that summary judgment was improper in this case because proof of damages must be resolved.

In granting summary judgment for defendant, the trial court relied on *Schutt v. Allstate Insurance Co.* (1985), 135 Ill. App. 3d 136, 478 N.E.2d 644. We find that *Schutt* is factually distinguishable.

Like this case, the *Schutt* court was faced with two claims under limited "uninsured motorists" clauses. Payment had been made under one for $2,600 and the other claim was valued at $2,500 by subsequent binding arbitration. Under these circumstances, the insurer was relieved of further payment since the plaintiff had already been fully compensated for her loss. The case is silent on what the effect might have been had the damages determined by the arbitration proceedings been more than the amount paid in the first instance.

Thus, the key distinction between the case at bar and the *Schutt* case is that damages in *Schutt* had already been established. *Greenawalt v. State Farm Insurance Co.* (1991), 210 Ill. App. 3d 543, 549, 569 N.E.2d 154, *appeal allowed* (1991), 139 Ill. 2d 595.

Other cases relied on by defendant are also distinguishable. In *Ullman* and *Stryker*, our supreme court addressed a different setoff provision and held that an insurer's liability under an uninsured motorist provision can be reduced by the amount the insured received from workmen's compensation. (*Stryker v. State Farm Mutual Automobile Insurance Co.* (1978), 74 Ill. 2d 507, 386 N.E.2d 36; *Ullman v. Wolverine Insurance Co.* (1970), 48 Ill. 2d 1, 269 N.E.2d 295.) The present case does not involve workmen's compensation benefits or the setoff provision which deals with such benefits.

The issue raised in this appeal has recently been decided by this district in *Greenawalt v. State Farm Insurance Co.* (1991), 210 Ill. App. 3d 543, 569 N.E.2d 154, *appeal allowed* (1991), 139 Ill. 2d 595, and *Hoglund v. State Farm Mutual Insurance Co.* (1991), 211 Ill. App. 3d 600, 570 N.E.2d 553, *appeal allowed* (1991), 139 Ill. 2d 596. The *Greenawalt* and *Hoglund* courts held that a determination of damages is a prerequisite in considering whether a setoff provision properly prevents double recovery. Accordingly, both courts reversed the trial courts' judgments on the pleadings and remanded for proof of damages.

The present case is virtually identical on its facts to the *Greenawalt* and *Hoglund* cases and involves the same uninsured motorist provision in State Farm's policy. The setoff provision at issue is contained in State Farm's policy under Section III-Coverage U for uninsured motor vehicles and states, in relevant part, as follows:

"2. Any amount payable under this coverage shall be reduced by any amount paid or payable to or for the insured:

    a. by or for any person or organization who is or may be held legally liable for the bodily injury to the insured ***."

Both the present plaintiff Bruno and the *Greenawalt* and *Hoglund* plaintiffs were passengers in motor vehicles involved in accidents with other vehicles, required to make claims against the insurance carrier insuring the vehicles in which they were riding and insuring their own cars, and received payment equal to the maximum amount payable under the uninsured motorist provisions of one of the policies.

In response to the claims, State Farm asserted that no contractual liability remained for these plaintiffs because their respective policy limits had been entirely offset by the payments they received from other responsible parties. The trial courts agreed with State Farm.

■ However, in the view of the *Greenawalt* and *Hoglund* courts and in our view, the trial courts' decisions were premature because State Farm is not entitled to setoff unless and until it can demonstrate duplication of payments. (*Greenawalt v. State Farm Insurance Co.* (1991), 210 Ill. App. 3d 543, 569 N.E.2d 154; *Hoglund v. State Farm Mutual Automobile Insurance Co.* (1991), 211 Ill. App. 3d 600, 570 N.E.2d 553; *Hoel v. Crum & Forster Insurance Co.* (1977), 51 Ill. App. 3d 624, 633, 366 N.E.2d 901.) "Setoffs are to apply only where necessary to prevent double exposure ***." *Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 338, 312 N.E.2d 247; see also *Melson v. Illinois National Insurance Co.* (1971), 1 Ill. App. 3d 1025, 1028, 274 N.E.2d 664 (a crediting provision cannot operate to reduce payment where the total proven or undisputed damages incurred by the insured are greater than the combined total of uninsured motorist and medical coverage).

Bruno alleges that he is not seeking double recovery, that his medical bills exceed $50,000 and that his total damages exceed $150,000. However, the record does not provide any information to establish the actual amount of damages incurred by Bruno. Thus we cannot determine whether recovery, if any, would duplicate the compensation which Bruno has already received.

The language of the Coverage U section of the State Farm policy must be construed in light of the strong public policy of the State that those injured by uninsured motorists be afforded sufficient coverage to allow compensation to at least the same extent as if the injured claimant had been injured by a motorist insured with the minimum coverage required by law. *Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 335, 312 N.E.2d 247.

*Hoglund* provides a particularly thoughtful analysis of the public policy considerations at issue. The court notes the enactment of the Financial Responsibility Law in the Vehicle Code requiring minimum insurance coverage for all policies issued. Ill. Rev. Stat. 1983, ch. 95½, par. 7—203.

The Insurance Code establishes the requirement of offering uninsured motorist coverage (Ill. Rev. Stat. 1983, ch. 73, par. 755a) and providing insurance in an amount up to the insured's bodily injury liability limits (Ill. Rev. Stat. 1983, ch. 73, par. 755a—2(1)). To be sure, the legislature has also provided for the right of subrogation or set off where the insured has received the proceeds of settlement or judgment. Ill. Rev. Stat. 1983, ch. 73, par. 755a(4).

■■ But nowhere do these statutory provisions suggest that an injured party may not resort to coverage under several uninsured motorist clauses where his damages exceed the amount so limited.

All of the legislation encouraging liberal regulation of uninsured motorist coverage must be overlaid on the 20-year controversy in the Illinois General Assembly with respect to mandatory automobile insurance.

Expansion of uninsured motorist coverage was viewed as a response to the call for mandatory automobile insurance. Only recently has Illinois become the 41st State to adopt such legislation.[1]

■■ Moreover, " 'the intent of the legislature was that the uninsured motorist coverage would protect an insured generally against injuries caused by motorists who are uninsured, and by hit-and-run motorists, and that this would complement the liability coverage.' " (*Wilhelm v. Universal Underwriters Insurance Co.* (1978), 60 Ill. App. 3d 894, 897, 377 N.E.2d 62, quoting *Barnes v. Powell* (1971), 49 Ill. 2d 449, 454.) "[I]n a situation where one of the joint tortfeasors is insured and the other is uninsured, the pivotal public policy issue is whether subrogation or setoff would prevent double recovery or whether it would act to deprive the plaintiff of damages she might otherwise receive if the uninsured tortfeasor had been at least minimally insured." *Greenawalt*, 210 Ill. App. 3d at 547.

Since the actual amount of Bruno's damages is not known, we find it premature to conclude that plaintiff may not recover under the second uninsured motorist policy. In order to fulfill the public policy

---

[1]Section 7—601 *et seq.* became effective on January 1, 1990. This legislation, in one form or another, was offered in the Illinois General Assembly each term since 1970. Such legislation actually passed both Houses of the General Assembly in 1975 only to receive a gubernatorial veto.

mandate of the State, the trial court will be required to conduct an evidentiary hearing as to damages.

For the foregoing reasons, we reverse and remand the judgment of the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

RIZZI and WHITE, JJ., concur.